# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:11cv312

| | | |
|---|---|---|
| **NEW JERUSALEM REBIRTH &** | ) | |
| **RESTORATION MINISTRIES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **PAUL MEYER and PEERLESS** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Remand and For Costs and Fees [Doc. 9].

## I. PROCEDURAL BACKGROUND

The Plaintiff New Jerusalem Rebirth & Restoration Ministries, Inc. filed this action in the General Court of Justice, Superior Court Division, Cleveland County, North Carolina, on October 7, 2011, asserting claims against the Defendants Paul Meyer and Peerless Insurance Company for breach of contract, bad faith, fraud, and violations of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §§ 75-1.1, *et seq.*, arising from the Defendants' refusal to approve and pay for the costs necessary to upfit,

equip and operate a temporary location for the Plaintiff's operations under the terms of the Plaintiff's insurance policy. [Complaint, Doc. 1-1].

The Plaintiff is a corporation that maintains its principal offices in Cleveland County, North Carolina. [Id.]. The Defendant Paul Meyer ("Meyer") is a citizen of North Carolina, and the Defendant Peerless Insurance Company ("Peerless") is a New Hampshire corporation. The Defendants were served with the summons and Complaint on October 14, 2011, and October 17, 2011, respectively. [Notice of Removal, Doc. 1].

On November 14, 2011, the Defendants filed a Notice of Removal removing the lawsuit to this Court on the basis of diversity jurisdiction. [Id.]. Thereafter, the Plaintiff filed the present Motion to Remand and for Costs and Fees, arguing that the Court lacks subject matter jurisdiction because this case does not involve a federal question and because both the Plaintiff and Defendant Meyer are citizens of North Carolina, thereby defeating any grounds for diversity jurisdiction. [Doc. 9]. Contemporaneous with the Motion for Remand, the Plaintiff also filed an Amended and Restated Complaint ("Amended Complaint"), setting forth additional factual allegations and an additional cause of action against Defendant Meyer for negligent misrepresentation. [Doc. 10]. The Defendants oppose the Plaintiff's Motion

for Remand, arguing that diversity jurisdiction is present because Defendant Meyer was fraudulently joined in this action in order to defeat jurisdiction. [Doc. 13]. The Defendants further move to dismiss this action in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Docs. 14, 15].

## II. STANDARD OF REVIEW

A defendant may remove a civil action from state court where the action is one that could have been brought originally in a federal district court. 28 U.S.C. § 1441(a). "When federal-court jurisdiction is predicated on the parties' diversity of citizenship, see [28 U.S.C.] § 1332, removal is permissible 'only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action was brought.'" Lincoln Prop. Co. v. Roche, 546 U.S. 81, 83-84, 126 S. Ct. 606, 163 L. Ed. 2d 415 (2005) (quoting 28 U.S.C. § 1441(b)).

The fraudulent joinder doctrine permits the district court to assume jurisdiction over a case, even if complete diversity does not exist, in order to dismiss non-diverse defendants and thereby retain jurisdiction. Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999). When a case is removed based on fraudulent joinder, the removing party has the burden of proof to show that

either: "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993) (citation omitted). The party alleging fraudulent joinder bears the heavy burden of showing that the plaintiff cannot establish a claim, even after all issues of law and fact have been resolved in the plaintiff's favor. Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999). "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Id.

In the present case, the Defendants do not claim any fraud in the pleading of jurisdictional facts, and therefore must prove that there is no possibility that the Plaintiff will be able to establish any of its causes of action against Defendant Meyer under state law. In conducting the analysis of the viability of the Plaintiff's claims, the Court is "not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available." AIDS Counseling & Testing Ctrs. v. Group W Television, Inc., 903 F.2d 1000, 1004 (4th Cir. 1990) (citation omitted).

## III. FACTUAL BACKGROUND

This case originated with a fire at the Plaintiff's former facility on October 7, 2008, which damaged its worship facility (hereinafter "the covered property"). [Complaint, Doc. 1-1 at ¶¶ 4-6]. The Plaintiff was covered under a Peerless Insurance policy, and Defendant Meyer, a Peerless company adjuster, was assigned to adjust any claims made. [Id. at ¶¶ 5, 8].

The Plaintiff's policy provided coverages for building replacement costs, debris removal, and business personal property loss, which were all settled for their respective policy limits. [Affidavit of Paul Meyer ("Meyer Aff."), Doc. 13-3 at ¶ 8]. The policy also provided for extra expense coverage for costs necessary to minimize the suspension of Plaintiff's business and to allow the continuation of business activities occurring at the covered property. [Insurance Policy, doc. 13-6 at 6-7,§ I A(5)(g)]. Such expenses were covered for the period of restoration, up to a maximum of twelve months. [Id.].

According to the Complaint, the Plaintiff requested approval to upfit and use its gymnasium as a temporary location for its Sunday worship services and other operations. The Defendants refused to approve the gymnasium as a temporary location because, according to Defendant Meyer, it would cost too much. [Complaint, Doc. 1-1 at ¶¶ 13-14].

5

The Plaintiff then identified a former Walmart store located at 1730 East Dixon Boulevard in Shelby ("the Old Walmart Store") and proposed it as the site of its temporary facility. [Id. at ¶ 15]. Meyer immediately rejected it, even though he had not undertaken a reasonable investigation into other suitable locations in or around Shelby which could serve as a temporary location for the Plaintiff. [Id. at ¶ 16]. Throughout November 2008, Meyer stood on his rejection of the Old Walmart Store location and directed the Plaintiff to other premises which were either unavailable or unsuitable, and without ever finding another suitable temporary location, he offered to pay the Plaintiff an amount far less than needed to lease a suitable temporary location. [Id. at ¶ 19].[1]

In December 2008, the Plaintiff met with Defendant Meyer and architect Bob Smith and general contractor Mason Venable regarding upfitting the Old Walmart Store as a temporary location. [Id. at ¶ 21]. Meyer authorized Smith to draw up plans to upfit the Old Walmart Store and to provide them to contractor Venable for pricing. [Id. at ¶ 22]. Meyer led the Plaintiff to believe the Old Walmart Store had been approved as a temporary location and that

---

[1]The Defendants dispute these allegations, asserting that Meyer contacted several local real estate agents who identified multiple alternative properties, including an existing church for sale less than 0.5 miles from the covered property. [Meyer Aff., Doc. 13-3 at ¶¶ 13-16]. The Defendants assert that the Plaintiff rejected the proposed properties, stating that it had already decided on the Old Walmart. [Id. at ¶¶ 15].

6

the Plaintiff was authorized to execute a one-year lease at a cost of $120,000. [Id. at ¶ 24]. In reliance on these representations, the Plaintiff signed a one-year lease of the Old Walmart Store on January 9, 2009. [Id. at ¶ 25]. Smith drew plans and Venable prepared cost estimates projecting an uplift cost of approximately $500,000 and a two to three-month period of construction. [Id. at ¶ 26]. Defendant Meyer subsequently refused to approve the plans and the project stalled. [Id. at ¶ 28]. On March 16, 2009, Defendant Meyer, Smith, and Venable met with the Plaintiff at the Old Walmart Store. By the end of the meeting, Defendant Meyer and the Plaintiff had reached an agreement to proceed with the upfitting of the Old Walmart Store based on Smith's latest set of plans. [Id. at ¶ 30]. The following day, however, Defendant Meyer "reversed course" and directed Smith to stop all work. [Id. at ¶ 31]. As a result of the Defendants' actions, the Plaintiff was without a temporary location from March to October 2009. [Id. at ¶ 32].

The Defendants dispute the version of the events alleged by the Plaintiff and offer the affidavits of Smith, Meyer, and Venable in support of their opposition. According to the Defendants, Smith's original plans called for a two-phase upfit of the Old WalMart Store. [Affidavit of Robert Smith ("Smith Aff."), Doc. 13-2 at ¶¶ 12-13]. Phase I would create a 300-seat facility in order

to allow the Plaintiff to begin operating out of the Walmart as soon as possible, and Phase II would expand the seating capacity and provide for other upfit spaces. [Id. at ¶ 12]. After Smith began working on the plans, however, the Plaintiff began contacting him with changes that resulted in an increase of the size and scope of the renovation. [Id. at ¶¶ 13-22]. In March 2009, Meyer received a copy of the proposed plans. [Smith Aff., Doc. 13-2 at ¶ 22; Meyer Aff., Doc. 13-3 at ¶ 27]. According to the Defendants, Meyer made it clear to the Plaintiff at the March 16, 2009 meeting, that the current version of the plans were not in keeping with what the policy provided for and that Peerless could not approve them. [Meyer Aff., Doc. 13-3 at ¶¶ 28-29]. Before the meeting concluded, however, Meyer indicated some portions of the plans, specifically those portions that were similar to what Plaintiff had at the covered property, were likely acceptable. [Id.]. The following day, Meyer met with Smith and instructed him to modify the plans. [Smith Aff., Doc. 13-2 at ¶ 26; Meyer Aff., Doc. 13-3 at ¶ 30]. After receiving the revised plans, the Plaintiff informed Meyer that it was not in agreement with the new changes. [Meyer Aff., Doc. 13-3 at ¶ 32]. The Defendants contend that the Plaintiff then instructed Smith that the plans were on hold, and he should do no more work until they were able to reach an agreement with Meyer. [Smith Aff., Doc. 13-2

8

at ¶ 29]. The parties met again on April 28, 2009, but no agreement was reached at that time. [Meyer Aff., Doc. 13-3 at ¶ 36]. Meyer asked Smith to get building department approval for the revised March 25, 2009 plans. [Smith Aff., Doc. 13-2 at ¶ 32-33; Meyer Aff., Doc. 13-3 at ¶ 37-38]. The Plaintiff, however, continued to reject the March 25, 2009 plans and did not work with Smith to create any further plans [Smith Aff., Doc. 13-2 at ¶¶ 29- 30; Meyer Aff., Doc. 13-3 at ¶ 39].

## IV. ANALYSIS

In arguing in favor of remand, the Plaintiff urges the Court to consider the allegations of its Amended Complaint, which was filed contemporaneously with its Motion for Remand. Specifically, the Plaintiff argues that the allegations of this pleading are "more than sufficient" to state causes of action against Defendant Meyer for negligent misrepresentation, fraud, and unfair and deceptive trade practices.[2] [Doc. 9-1 at 4].

---

[2]The Plaintiff asserts its breach of contract claim against Peerless only, and therefore this claim is not the subject of the fraudulent joinder analysis. The Plaintiff also asserts a claim for bad faith against both Defendants; however, the Plaintiff makes no argument in support of its claim for common law bad faith in its Memorandum of Law in support of its Motion to Remand. Accordingly, the Court finds that the Plaintiff has abandoned that cause of action as a basis for remand in this case, and will therefore limit its analysis to the Plaintiff's claims for fraud and for unfair and deceptive trade practices.

The Amended Complaint asserts additional factual allegations in support of the Plaintiff's claims as well as an additional cause of action for negligent misrepresentation against Defendant Meyer. The existence of diversity jurisdiction, however, is determined as of the time of removal. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-91, 58 S.Ct. 586, 82 L.Ed. 845 (1938). As such, courts generally do not consider post-removal pleadings in determining the existence of diversity jurisdiction. See Porsche Cars N. Am., Inc. v. Porsche.net, 302 F.3d 248, 255-56 (4th Cir. 2002). This rule applies equally to the fraudulent joinder analysis. See Justice v. Branch Banking and Trust Co., Civil Action No. 2:08-230, 2009 WL 853993, at *1 n.2 (S.D.W.Va. Mar. 24, 2009) (noting that in conducting fraudulent joinder analysis, "[p]ost-removal filings may not be considered ... when or to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court") (quoting Griggs v. State Farm Lloyds, 181 F.3d 694, 700 (5th Cir. 1999)). Accordingly, the Court will consider only the factual allegations and causes of action set forth in the Plaintiff's original Complaint in determining the fraudulent joinder issue.

### A. Fraud

In order to establish a cause of action for fraud against Defendant Meyer, the Plaintiff must establish the following elements: (1) a false representation or concealment of a material fact, (2) which is reasonably calculated to deceive, (3) which is made with intent to deceive, (4) which does in fact deceive, (5) and which results in damage to the injured party. See Forbis v. Neal, 361 N.C. 519, 526-27, 649 S.E.2d 382, 387 (2007). Additionally, the Plaintiff must establish that any reliance on the allegedly false representations was reasonable. Id. at 527, 649 S.E.2d at 387. "The reasonableness of a party's reliance is a question for the jury, unless the facts are so clear that they support only one conclusion." Id.

In analyzing whether the Plaintiff has established these elements, the pleadings are analyzed in accordance with the state court's pleading standards. North Carolina courts specifically have declined to adopt the "plausibility standard" set forth in Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). See Holleman v. Aiken, 193 N.C.App. 484, 490-91, 668 S.E.2d 579, 584 (2008); Childress v. Concord Hospitality Assocs., LLC, No. COA10-1019, 2011 WL 2848767, at *3 (N.C. Ct. App. July 19, 2011). In determining whether a complaint states a claim upon which

relief can be granted, North Carolina courts consider "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory." Craven v. Cope, 188 N.C. App. 814, 816, 656 S.E.2d 729, 731-32 (2008). In so doing, "[t]he complaint must be liberally construed, and the court should not dismiss the complaint unless it appears beyond a doubt that the plaintiff could not prove any set of facts to support his claim which would entitle him to relief." Id.

Here, Defendant Meyer argues that this standard cannot be met because the allegations upon which the fraud claim is based "are patently false" and because there is no basis for "an honest belief" that Meyer made any fraudulent misrepresentations. [Doc. 13 at 19]. In support of this argument, the Defendant points to evidence in the record demonstrating that Meyer worked in good faith to secure approval of the upfit necessary to allow the Plaintiff to continue its operations at the Old Walmart location. [Id. at 19-23]. At this point in the proceedings, however, the Court must treat the Plaintiff's allegations as true, and under that standard, the Court cannot say as a matter of law that the Plaintiff has no reasonable basis for its fraud

claim.³ Accordingly, the Court concludes that Defendant Meyer is properly joined and this case should be remanded.

## B. Unfair and Deceptive Trade Practices

"Chapter 75 of [the North Carolina] General Statutes prohibits unfair acts which undermine ethical standards and good faith between persons engaged in business dealings." Pleasant Valley Promenade v. Lechmere, Inc., 120 N.C. App. 650, 657, 464 S.E.2d 47, 54 (1995). In order to establish a *prima facie* claim for unfair trade practices, a plaintiff must show that: (1) the defendant committed an unfair or deceptive act or practice, (2) the action in

---

³Indeed, the allegations of the Plaintiff's Complaint adequately set forth each of the elements necessary to state a fraud claim against Defendant Meyer. Specifically, the Complaint alleges that Meyer, in the course of his employment and/or business as an insurance adjuster, represented to the Plaintiff that he had approved the Old Walmart Store as a temporary location for the Plaintiff's operations. [Complaint, Doc. 1-1 at ¶ 414, 27]. The Complaint further alleges that such representations were false, as Defendant Meyer did not have any intention of actually approving the upfits necessary in order for the Plaintiff to use the Old Walmart Store as a temporary church facility, and that he knowingly made such representations with the intent that the Plaintiff rely upon them. [Id. at 42]. The Complaint goes on to allege that the Plaintiff reasonably relied on Defendant Meyer's false representations, in that the Plaintiff stopped its search for an alternative temporary location and executed a one-year lease on the Old Walmart Store. [Id. at ¶¶ 42-43]. The Complaint further alleges that as a proximate result of its reasonable reliance on Defendant Meyer's false representations, the Plaintiff suffered damages. [Id. at ¶ 44]. By alleging the facts as set forth above, the Plaintiff has pled all of the elements necessary to make out a cause of action against Defendant Meyer for fraud under North Carolina law. While a North Carolina court ultimately may determine that the Plaintiff cannot prevail on this cause of action, at this juncture, the Court cannot say that there is no possibility that the Plaintiff could prevail on this claim.

13

question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff. Id. at 664, 464 S.E.2d at 58.

The Defendants contend that the Plaintiff cannot maintain a claim against Meyer under Chapter 75 because as an insurance company adjuster, he is not a "market participant" and thus his action were not "in or affecting commerce." [Doc. 13 at 14-15]. The Defendants concede, however, that the North Carolina courts have not specifically addressed whether an insurance adjuster may be subject to individual liability for unfair and deceptive trade practices under Chapter 75. [Id.]. "In the absence of a North Carolina case that squarely resolves that Plaintiff's claim is not actionable or when the issue involves a judgment call and a federal court cannot say with certainty what a North Carolina would hold, remand is proper." Geller v. Provident Life and Acc. Ins. Co., No. 5:10-cv-00096, 2011 WL 1239835, at *5 (W.D.N.C. Mar. 30, 2011) (Voorhees, J.). Because there is at least "some possibility" that the Plaintiff may recover against Defendant Meyer under Chapter 75, the Court concludes that remand is proper.[4]  See id.

---

[4]The Defendants further argue that as an employee-agent of the insurer, Defendant Meyer owed duties only to his employer-principal and thus cannot be subject to an insured's claim under Chapter 75. [Doc. 13 at 16-17]. In support of this argument, the Defendants cite Koch v. Bell, Lewis & Associates, Inc., 176 N.C. App. 736, 627 S.E.2d 636 (2006). In Koch, however, the plaintiffs were third-party claimants who were not in privity with the insurer, and it was on this basis that the Court of Appeals concluded that the plaintiffs could not sustain claims for unfair and deceptive trade

14

## C. Award of Fees

The Plaintiff requests that the Court award the Plaintiff its costs and fees incurred as a result of the Defendants' wrongful removal. The award of fees and costs upon remand is a matter within the wide discretion of the Court. See 28 U.S.C. § 1447(c); In re Lowe, 102 F.3d 731, 733 n. 2 (4th Cir. 1996). "There is a presumption neither in favor of nor against the awarding of attorney fees under 1447(c)." Crawford v. C. Richard Dobson Builders, Inc., 597 F. Supp. 2d 605, 612 (D.S.C. 2009). As the Supreme Court has instructed:

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

Martin v. Franklin Capital Corp., 546 U.S. 132, 136, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). While Defendants Peerless and Meyer were not ultimately successful in establishing that Defendant Meyer should be disregarded pursuant to the fraudulent joinder doctrine, the Defendants made

---

practices or negligent misrepresentation against the insurer or its adjusters. Id. at 740, 627 S.E.2d at 638-39. By contrast, in the instant case, the Plaintiff is the insured and thus stands in privity with the Defendants. The reasoning of Koch, then, is simply not applicable on the facts of this case.

several reasonable legal arguments in support of their opposition to the Motion for Remand. Thus, the Court concludes that the Defendants had an objectively reasonable basis for seeking removal of this case. Accordingly, in the exercise of its sound discretion, the Court declines to make an award of fees and costs in this matter.[5]

**O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Remand [Doc. 9] is **GRANTED**, and this case is hereby **REMANDED** to the Cleveland County General Court of Justice, Superior Court Division.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Costs and Fees [Doc. 9] is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendants' Motions to Dismiss [Docs. 14, 15] are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Signed: July 5, 2012

Martin Reidinger
United States District Judge

---

[5] In remanding this matter to state court, the Court in no way expresses any opinion regarding the ultimate merit of the Plaintiff's claims.